UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BENJAMIN E. LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-171 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Benjamin Lewis brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On May 11, 2011, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 29.) Lewis filed a motion and a supplemental motion to recover attorney fees in the amount of $10,403.75 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 31, 42.) The Commissioner, however, opposes Lewis's fee request, arguing that its litigation position was "substantially justified." (Docket # 37.) For the reasons set forth herein, Lewis's motion will be GRANTED.

**I. LEGAL STANDARD**

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

"[T]he Supreme Court has entrusted the question whether the [C]ommissioner's position is substantially justified to the discretion of the district court, in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Pierce v. Underwood*, 487 U.S. 552, 561-62 (1988)). In fact, "[t]he [C]ommissioner's position may be substantially justified even if it turns out to be completely wrong." *Id.* (citing *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996)).

"For example, the ALJ's opinion might offer merely a 'cursory and inadequate' analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the [C]ommissioner's defense of the opinion." *Id.* (citing *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010)). "That is because the requirement that the ALJ must articulate an assessment of the evidence is deliberately flexible, so the ALJ's failure to connect all the dots in the analysis—and the [C]ommissioner's defense of those gaps in the ALJ's reasoning—is likely to be grounded in a reasonable, albeit erroneous,

2

interpretation of the facts and law. *Id.* (citations and internal quotation marks omitted). "Indeed it typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden basis." *Id.* (citing *Golembiewski*, 382 F.3d at 724).

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In the Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ failed to evaluate the credibility of Lewis's symptom testimony. (Order 13.) The Commissioner, however, attempts to characterize the ALJ's oversight as a "run-of-the-mill error in articulation," *Bassett*, 641 F.3d at 859, and thus argues it was substantially justified in defending the ALJ's decision to discount Lewis's credibility. The Commissioner's argument is ultimately unpersuasive under Seventh Circuit case law.

In his decision, the ALJ, after reviewing the hearing testimony of Lewis and his wife, summarily stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to

3

cause the alleged symptoms; however, the claimant's statements are not credible to the extent they are inconsistent with his residual functional capacity.

(Order 15 (citing Tr. 71).) The ALJ then went on to devote the next four pages to a summary of Lewis's medical history. (Order 71-75.) Lewis, on appeal, asserted that the ALJ's failure to analyze his credibility constituted reversible error.

This Court ultimately agreed with Lewis, opining in the Order:

> Despite the admittedly thorough recounting of Lewis's hearing testimony and medical history, the ALJ never actually explained why Lewis was not credible. The only mention of Lewis's credibility comes in one boilerplate paragraph (recounted above), the use of which the Seventh Circuit Court of Appeals has repeatedly criticized. *See Martinez v. Astrue*, 630 F.3d 693, 694 (7th Cir. 2011); *Spiva v. Astrue*, 628 F.3d 346, 438 (7th Cir. 2010); *Parker v. Astrue*, 597 F.3d 920, 921-22 (7th Cir. 2010). The mere statement that Lewis is not credible, in consistently rejected summary language, does not allow this Court to trace the ALJ's reasoning.
>
> At best, therefore, the Court is left to infer the reasons why the ALJ rejected Lewis's credibility. This is problematic, however, because "nothing in Social Security Ruling 96-7p suggests that the reasons for a credibility finding may be implied. Indeed, the cases make clear that the ALJ must specify the reasons . . . so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." *Golembiewski*, 322 F.3d at 916 (collecting cases).

(Order 15-16.) The Court then concluded in the Order that since "the ALJ neglected to make *any* credibility determination," a remand was necessary. (Order 16 (emphasis added).)

Indeed, although the *Martinez*, *Spiva*, and *Parker* decisions were issued after the ALJ's decision in this case, "it has long been established in this circuit that an ALJ must explain his credibility finding." *Johnson v. Astrue*, No. 09 C 5189, 2011 WL 2433498, at *5 (N.D. Ill. June 14, 2011) (citing *Golembiewski*, 322 F.3d at 915-96; *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)). "Moreover, the Social Security Administration's

4

own ruling, SSR 96-7p, requires that an ALJ's decision 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Id*. (citing SSR 96-7p). In the purported credibility determination here, there was "no explanation of the reasons for [the ALJ's] finding, no evaluation of [Lewis's] statements, and no discussion of the factors set forth in the ruling." *Id*.

As the Court acknowledged in the Order, although the ALJ thoroughly recounted Lewis's medical history, he "engaged in no discussion of its relevance or how it bore on his credibility determination." *Id*. at 6. "[S]imply restating the medical evidence is not sufficient to meet the requirements in SSR 96-7p." *Id*. "The ALJ's failure to comply with SSR 96-7p, especially in light of established legal precedent criticizing such cursory treatment of a credibility determination, cannot be deemed 'substantially justified' for the purposes of an EAJA fee award." *Id*. (citing *Golembiewski*, 382 F.3d at 724-25); *see Britton-Dillon v. Astrue*, No. 10-3188, 2011 WL 3328516, at *2 (7th Cir. Aug. 3, 2011) (unpublished) ("A substantially unjustified position can . . . be shown by an ALJ's failure to explicitly discuss credibility . . . ." (citing *Golembiewski*, 382 F.3d at 724)).

Of course, "[h]ad the ALJ engaged in some credibility discussion, but merely neglected to 'connect all the dots in his analysis,' his conclusion, even if insufficient, might have been justified for EAJA purposes." *Id*. (quoting *Cunningham*, 440 F.3d at 864-65); *see Britton-Dillon*, 2011 WL 3328516, at *3 (finding the Commissioner's defense of the ALJ's credibility determination "substantially justified" where "[t]he ALJ did not fail to discuss the claimant's

5

credibility," but rather questioned it based on a discrepancy between her alleged inability to work and the medical evidence). However, because the ALJ "essentially ignored the well-established standards for making a credibility determination, he did not demonstrate a reasonable legal basis for his conclusion or a reasonable connection between the facts and law." *Id.*

The Commissioner nevertheless emphasizes that its defense of Lewis's two other arguments (that the ALJ improperly evaluated Dr. Kumar's opinion and failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (Docket # 16)) was substantially justified because, even though the Court did not need to reach these arguments, it represented in a footnote that they were "poorly-developed." (Order 13 n.8.) Certainly, as the Commissioner articulates, "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson*, 94 F.3d at 278. At the end of the day, however, the Court must make a "global assessment of the Commissioner's conduct rather than engage in 'argument counting.'" *Begoun v. Astrue*, No. 09 C 1555, 2011 WL 3626601, at *3 (N.D. Ill. Aug. 17, 2011) (quoting *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *accord Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).

Here, although the Commissioner was likely substantially justified in defending against Lewis's other arguments, the ALJ "contravened longstanding agency regulations, as well as judicial precedent" when he failed to analyze the credibility of Lewis's symptom testimony. *Stewart*, 561 F.3d at 684. Numerous courts have concluded that the Commissioner was not

6

substantially justified in defending an ALJ's decision where the ALJ failed to follow Social Security Ruling 96-7p. *See Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) (collecting cases). In light of the clear line of precedent concerning this matter, the Commissioner has failed to carry its burden of establishing that its defense of the ALJ's decision was substantially justified as whole.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was not substantially justified. Therefore, Lewis's motion (Docket # 31) and supplemental motion for attorney's fees (Docket # 42) in the amount of $10,403.75 are GRANTED.

SO ORDERED.

Enter for October 21, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge